NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILSON J. CAMPBELL, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 11-642 (ES) |
| SEDGWICK, DETERT, MORAN & ARNOLD, MICHAEL TANENBAUM, AND JAMES KEALE, THOMAS ROBERTSON, ET AL | : OPINION |
| Defendants. | : |

**SALAS, District Judge.**

Now pending before this Court is a motion filed by Defendants Michael Tanenbaum, Thomas Robertson, James Keale, and Sedgwick, Detert, Moran & Arnold, LLP ("the Firm") (collectively referred to as "Defendants") to (1) dismiss Plaintiff's Complaint in its entirety as to Mr. Tenenbaum and (2) dismiss Count Three of the Complaint as to all Defendants, pursuant to Fed. R. Civ. P. 12(b)(6). The Court has considered the papers submitted in support of and in opposition to the motion and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion to dismiss is DENIED.

**I.    BACKGROUND**

Count One alleges that the Defendants violated the New Jersey Law Against Discrimination, *N.J.S.A.* 10:5-1 *et seq* ("NJLAD"), by treating Plaintiff less favorably than his white counterparts and terminating his employment for his relationship with a white female who has no connection to the Plaintiff's employment at [the Firm]." (Compl. ¶ 32). Count Two alleges that the Defendants violated the NJLAD "by retaliating against plaintiff for his complaints about unfavorable treatment of black attorneys within [the Firm]." (Compl. ¶ 35). In Count Three, Plaintiff asserts a *Pierce* doctrine claim. (Compl. ¶ 38).

## II. LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(6), "courts are required to accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir.2008). But, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 (2007). Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997). A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ––– U.S. ––––, ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, " 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element[s]." *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 322 (3d. Cir.2008) (quoting *Twombly*, 550 U.S. at 556).

## III. ANALYSIS

The Court will first address Defendants' arguments as they pertain to Mr. Tenenbaum and will then move to Count Three.

### a. Defendants' motion to dismiss Plaintiff's Complaint in its entirety as to Mr. Tanenbaum

Defendants argue that "since none of the allegations in Plaintiff's Complaint are directed at Mr. Tanenbaum, Plaintiff has failed to state a claim against Mr. Tanenbaum and Plaintiff's claims against him should be dismissed in their entirety." (Defs. Reply Br. 2).

Plaintiff's Complaint alleges that "Defendant Michael Tanenbaum ("Tanenbaum") is an adult white male residing in New Jersey. At all relevant times, Tanenbaum served as the Chair of the Management Committee for [the Firm]. In the aforementioned capacity for [the Firm], Tanenbaum was responsible for the policies and procedures enforced by employees in the firm. As the Chair of [the Firm], Tanenbaum was responsible for hiring and firing attorneys for the firm." (Compl.¶ 3). Count One alleges that the Defendants violated the New Jersey Law Against Discrimination, *N.J.S.A.* 10:5-1 *et seq* ("NJLAD"), by treating Plaintiff less favorably than his white counterparts and terminating his employment for his relationship with a white female who

has no connection to the Plaintiff's employment at [the Firm]." (Compl. ¶ 32). Count Two alleges that the Defendants violated the NJLAD by retaliating against plaintiff for his complaints about unfavorable treatment of black attorneys within [the Firm]." (Compl. ¶ 35). Count Three asserts a *Pierce* doctrine claim." (Compl. ¶ 38).

Here, the Court finds that Plaintiff's complaint alleges "'enough factual matter (taken as true) to suggest' the required element[s]" of his NJLAD claims and his *Pierce* doctrine claim. *Wilkerson*, 522 F.3d at 322 (quoting *Twombly*, 550 U.S. at 556). At this stage, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Rockefeller Ctr. Props., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). Plaintiff's complaint alleges that Mr. Tanenbaum, as "the Chair of the Management Committee … was responsible for the policies and procedures enforced by employees in the firm . . . [and] was responsible for hiring and firing attorneys for the firm." (Compl.¶ 3). Each of Plaintiff's three claims are predicated on, or related to, Plaintiff's allegations that he was improperly terminated from the Firm. Therefore, when accepted as true, the Court finds that Plaintiff's allegations that Mr. Tanenbaum ultimately "was responsible for hiring and firing attorneys for the firm" (Compl. ¶ 3) sufficiently "raise[s] a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (2007). As such, Defendants' motion with respect to Mr. Tanenbaum is DENIED.

**b. Defendant's motion to dismiss Count Three of the Complaint as to all Defendants.**

Defendants argue that Count Three of Plaintiff's complaint should be dismissed because Plaintiff's claim is preempted by his NJLAD claims. In Count Three, Plaintiff asserts a *Pierce* doctrine claim which alleges that he was wrongfully discharged from the Firm "for engaging in a private dating relationship with a white female who was not employed by [the Firm]." (Compl., Count Three, ¶ 38).[1] Under New Jersey common law, "an employee has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy." *Tartaglia v. UBS PaineWebber, Inc.*, 197 N.J. 81, 961 A.2d 1167, 1179 (N. J. 2008) (quoting *Pierce v. Ortho Pharma. Corp.*, 84 N.J. 58, 417 A.2d 505, 510 (N.J.1980)). Sources of public policy include the United States and New Jersey Constitutions; federal and state laws and

---

[1] A Pierce doctrine claim asserts wrongful discharge in violation of public policy and derives its name from the seminal New Jersey Supreme Court case, *Pierce v. Ortho Pharm. Corp.*, 84 N.J. 58, 417 A.2d 505 (1980).

administrative rules, regulations, and decisions; the common law and specific judicial decisions; and in certain cases, professional codes of ethics. *Hennessey v. Coastal Eagle Point Oil Co.*, 129 N.J. 81, 92-93, 94-95; *Pierce*, 84 N.J. at 72. The NJLAD, however, provides plaintiffs with all remedies available in common law tort actions. See N.J.S.A. § 10:5-3; *Catalane v. Gilian Instrument Corp.*, 271 N.J.Super. 476, 492, 638 A.2d 1341 (App. Div. 1994) ("Our Legislature has declared the remedies available under the LAD and ... have expressed the view that ... the statute should be read broadly enough to encompass those claims and damages previously available at common law"). The exclusivity of the NJLAD remedies thus preempts any common law claims based on the same factual predicate. *Toscano v. Borough of Lavallette*, No. 04-4412, 2006 WL 1867197, at *9 (D.N.J. June 30, 2006) ("A supplementary cause of action is not allowed when the NJLAD provides a remedy for the wrong"); *Quarles v. Lowe's Home Ctr.*, No. 04-5746, 2006 WL 1098050, at *4 (D.N.J. March 31, 2006) (dismissing plaintiff's claim for intentional infliction of emotional distress because it was "based on the same allegations supporting [p]laintiff's LAD claim"); *Catalane*, 271 N.J.Super. at 492, 638 A.2d 1341 ("supplementary common law causes of action may not go to the jury when a statutory remedy under the LAD exists").

As discussed above, where a plaintiff bases his or her common law *Pierce* claim on the public policy of the NJLAD and asserts a claim under both, the former claim is subsumed by the latter. *Sturm v. UAL Corp.*, No. 98-264, 1998 WL 784615, at *10 (D.N.J. Oct.8, 1998) ("Courts of this district interpreting New Jersey Law have also consistently held the NJLAD to preempt duplicative common law discrimination claims"). Pursuant to *Brosshard v. Hackensack Univ. Med. Ctr.*, 345 N.J.Super. 78, 90 (App. Div. 2001), a *Pierce* claim would also be barred if it does not seek to vindicate interests that are independent of those protected by the NJLAD. However, a plaintiff's *Pierce* claim is not preempted as coterminous with the NJLAD if the cause of action finds its basis in the New Jersey State Constitution. *Cf. Ackerman v. The Money Store*, 321 N.J.Super. 308, 324-25, 728 A.2d 873 (App. Div. 1998). Therefore, so long as Plaintiff's *Pierce* claim is based in the New Jersey State Constitution it is not preempted by the NJLAD.

Here, although not contained in the actual language of Count Three, Plaintiff's Complaint does allege that:

> [u]nder New Jersey's Constitution and the United States Constitution, intimate decisions relating to personal matters between consenting adults are fundamental

4

>  privacy rights protected under the law. Adverse action in response to exercising such fundamental rights is a violation of public policy.

Compl. ¶ 7. Thus, when the Complaint is read as a whole, Plaintiff's *Pierce* claim rests – at least in part – on the New Jersey State Constitution which, Plaintiff argues, recognizes the right to privacy under Article I, paragraph 1 of the New Jersey Constitution. *Hennessey*, 129 N.J. 81, 95-96 ("[A] right to privacy can be found in Article I, paragraph 1 of the New Jersey Constitution.").[2]

Defendants do not take a position as to whether the New Jersey Constitution affords protection to the Plaintiff under the specific facts alleged in this case, namely the Firm "terminating plaintiff from his employment for engaging in a private dating relationship with a white female who was not employed by [the Firm.]" (Compl. ¶ 38). Plaintiff, however, argues that *Slohoda v. United Parcel Serv.*, Inc., 193 N.J. Super. 586 (App. Div. 1984) stands for the proposition "that a complaint alleging the discharge of an employee for a dating relationship with a co-worker adequately ple[ads] a claim for a privacy violation under New Jersey public policy." (Pl. Br. at 5). In *Slohoda*, the Appellate Division considered a plaintiff's appeal from a summary judgment in favor of his private sector employer. Although the Plaintiff had pleaded a *Pierce* claim, the Appellate Division did not determine the *Pierce* issue because the trial judge had not ruled on it. Instead the Appellate Division remanded the action to the trial court to "decide whether the employer's policy . . . [was] violative of any right of privacy of the plaintiff and contrary to public policy." In *Hennessey v. Coastal Eagle Point Oil Co.*, 247 N.J.Super. 297, 307 (1991), the Appellate Division explicitly held that *Slohoda* does not stand for the proposition that New Jersey Constitutional values may be applied to the private sector via a *Pierce* claim. *Id.* 307. Yet, that being said, the Appellate Division commented that it was "reluctant to utilize constitutional values or privacy as a source of public policy under *Pierce* in a private employment context." *Id.* 307. Thus, the Appellate Division did not unequivocally foreclose Plaintiff's private sector *Pierce* claim based on privacy as a source of public policy. Because Plaintiff's *Pierce* claim may "find[] its basis in the New Jersey State Constitution" the Court finds that it is not necessarily subsumed by his NJLAD claims and reserves such a determination

---

[2] "All persons are by nature free and independent, and have certain natural and unalienable rights, among which are these of enjoying and defending life and liberty, or acquiring, possessing, and protecting property, and of pursuing and obtaining safety and  happiness." N.J. Const. Art. 1, Para. 1.

for the summary judgment stage. *Cf. Ackerman v. The Money Store*, 321 N.J. Super. 308, 324-25 (App. Div. 1998). As such, Defendants motion to dismiss Plaintiff's Pierce claim is DENIED.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED. An appropriate order shall accompany this opinion.

**Dated: November 2, 2011**                                                /s/ Esther Salas             
                                                                                            **United States District Judge**