NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **WILSON J. CAMPBELL,** | : | |
| | : | |
| **Plaintiff,** | : | Civil Action No. 2:11-CV-0642(ES-CLW) |
| | : | |
| **v.** | : | |
| | : | **OPINION** |
| **SEDGWICK, DETERT,** | : | |
| **MORAN & ARNOLD, et al.,** | : | |
| | : | |
| **Defendant.** | : | **JULY 2, 2012** |
| | : | |
| _____ | : | |

CATHY L. WALDOR, United States Magistrate Judge.

Pending before this Court is Wilson J. Campbell's ("Plaintiff") motion to amend (the "Motion") his complaint, filed March 24, 2012. (Docket Entry No. 44). Plaintiff seeks to add two individuals as named defendants, add a breach of contract claim, and clarify and/or insert additional factual allegations based on facts uncovered during discovery. The defendants Sedgwick, Detert, Moran & Arnold ("Sedgwick"), Michael Tanenbaum ("Tanenbaum"), James Keale ("Keale"), Thomas Robertson ("Roberston"), and John Doe Employees (I-X) (collectively "Defendants") filed an opposition brief (the "Opposition") to the Motion on April 9, 2012. (Docket Entry No. 48). The Court decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Motion is **DENIED without prejudice**.

## I. BACKGROUND AND PROCEDURAL HISTORY

Defendant Sedgwick is a law firm with offices located around the United States and internationally.   Defendant Michael Tanenbaum serves as the Chair of the Management Committee for Sedgwick.  (Docket Entry No. 1, Complaint, ("Compl.") at ¶ 3).  Defendant James Keale serves as Managing Partner for the Newark, New Jersey office of Sedgwick.  (Id. at ¶ 4).  Defendant Thomas Robertson serves as a partner in Sedgwick's New Jersey office.  (Id. at ¶ 5).  The two additional defendants Plaintiff seeks to add are also employed by the Defendant Sedgwick.  Michael McGeehon ("McGeehon") serves as partner in Sedgwick's San Francisco, California office and as general counsel for Sedgwick.  (Motion at 2).  David Saunders ("Saunders") serves as Chief of Human Resources at Sedgwick and is based in California. (Id.)

Defendants employed Plaintiff as an associate attorney from September 2006 to February 2009, in their Newark, New Jersey office.  (Compl. at ¶ 10).  In addition to his position as an associate with Defendants, Plaintiff was employed by the state of New Jersey as a Municipal Judge.  (Opposition at 2).  On February 2, 2009, Plaintiff was served with a judicial complaint, in his capacity as a Municipal Judge, due to an undisclosed relationship with a court employee. (Id.).  On February 5, 2009, Plaintiff ceased employment with Defendant.  Plaintiff alleges his termination was based on race in contravention of the law.  (Id.).  Defendants, however, maintain that Plaintiff voluntarily resigned from Sedgwick.  (Id.).

On February 3, 2011, Plaintiff filed a three-count complaint against Defendants alleging that: (1) Defendants discriminated against Plaintiff based on his race, pursuant to the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("NJ LAD"); (2) Defendants retaliated against Plaintiff for his complaints of discrimination, pursuant to NJ LAD; and (3) Defendants violated public policy by terminating Plaintiff for his external actions.  (Compl. at ¶¶ 31-39).  On

March 24, 2012, Plaintiff moved to amend his complaint, seeking to (1) add Michael McGeehon as a named Defendant; (2) add David Saunders as a named Defendant; (3) add a breach of contract claim; and (4) clarify and assert eighty (80) additional factual allegations.  (Motion, Ex. A., Proposed Amended Complaint ("Amend. Compl." or "Proposed Amended Complaint")). Specifically, Plaintiff alleges McGeehon and Saunders were involved in his termination, evidenced by a series of e-mails sent in February 2009 between McGeehon, Saunders, and Defendant Tanenbaum.  (Motion at 2).  Next, Plaintiff alleges Defendants breached an implied-in-fact contract with Plaintiff, apparently established by Defendants' written employment policies.  (Amend. Compl. at ¶¶ 121-123).  Finally, Plaintiff moves to add, recently discovered and/or confirmed, factual allegations that serve to bolster his claims, as pled and proposed.  (Id.).

## II. DISCUSSION

### A.  LEGAL STANDARD

With respect to amendments to pleadings before trial, FED R. CIV. P. 15 provides: "[t]he court should freely give leave when justice so requires."  While leave to amend is typically granted, it is not an absolute right.  The decision to grant leave to amend rests within the discretion of the court.  Foman v. Davis, 371 U.S. 178, 182 (1962).  Courts should grant amendments liberally unless the movant acts with (1) undue delay, (2) bad faith or dilatory motive, (3) the amendment is futile, or (4) if granting the amendment would unduly prejudice the non-moving party.  Id.  A district court must provide some justification for denying a motion to amend to avoid abusing its discretion.  Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000).  The opposing party bears the burden to establish that the amendment should be denied.  Foman, 371 U.S. at 182.  Here, Defendants contend that the Motion should be denied on the grounds of

undue delay on behalf of the Plaintiff, undue prejudice to the non-moving party, and futility of the amendment.

With regard to undue delay and bad faith, the Court of Appeals for the Third Circuit has stated:

> [t]he passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become "undue," placing an unwarranted burden on the court, or will become "prejudicial," placing an unfair burden on the opposing party. The question of undue delay, as well as the question of bad faith, requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the defendants.

Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984) (internal citations and quotation marks omitted); see also Cuerton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001) (stating that "the question of undue delay requires that we focus on the movant's reasons for not amending sooner" and the issue of prejudice focuses on hardship to the non-movant if the amendment is permitted).

To find undue delay, the delay must either burden the court or prejudice the opposing party. Adams, 739 F.2d at 868 (citing Chitimacha Tribe of Louisiana v. Harry L. Laws Co., 690 F.2d 1157, 1163 (5th Cir.1982)); Tefft v. Seward, 689 F.2d 637, 639 (6th Cir.1982)). The passage of time is not the sole factor for determining whether the court may justly deny a motion to amend. Adams, 739 F.2d at 868. Finding undue delay and bad faith requires the Court to examine the motivation of the plaintiff, while finding prejudice requires the Court to examine the effect of the amendment on the non-moving party. Id.

To prove prejudice, the opposing party must establish that granting the motion "would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from

bringing a timely action in another jurisdiction." Wyeth v. Abbott Laboratories, No. 08-0230, 2011 WL 2429318, at *5 (D.N.J. June 13, 2011).  Claims based on new legal theories are not likely to prejudice the opposing party if the claim does not otherwise require additional extensive discovery. Adams, 739 F.2d at 869.

An amendment to a pleading is futile if it fails to state a claim upon which relief may be granted or advances a claim that is legally insufficient on its face.  Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010) (citing In re Merck & Co. Sec., Derivative, & ERISA Litig., 493 F.3d 400 (3d Cir. 2007)).  It is well settled law that courts may properly deny a motion to amend when the amendment would not withstand a motion to dismiss.  Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983); see In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)) ("[It is] clear that an amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" ); see also Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 468 (D.N.J. 1990) (reasoning that an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face") (citations and quotations omitted).

As such, "[i]n assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."  Burlington, 114 F.3d at 1434 (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)) (further citation omitted)); see Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (The standard for evaluating futility is the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6)).  The Court, therefore, must accept all factual allegations as true "as well as the reasonable inferences

that can be drawn from them." Winer Family Trust v. Queen, 503 F.3d 319, 330-31 (3d Cir. 2007). See Brown v. Philip Morris, Inc., 250 F.3d 789, 796 (3d Cir. 2001).

When a plaintiff asserts claims, they must provide sufficient notice to defendants of the factual allegations that entitle them to relief as articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545, 127 S.Ct.1955, 1959, 167 L.Ed. 2d 929 (2007) (citations omitted). The Court stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement' to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level....

Id.

The Third Circuit has emphasized that the Court reaffirmed that Rule 8 still only requires a short and plain statement of claims and their factual underpinnings. Phillips v. Cty of Allegeny, 515 F.3d 224, 232 (3d Cir. 2008). However, there is now a "plausibility paradigm" for evaluating the sufficiency of complaints. Id. at 230. "[F]actual allegations in the complaint must not be 'so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8.'" Umland v. PLANCO Fin. Svsc, Inc., 542 F.3d 59, 64 (3d Cir. 2008) (quoting Phillips, 515 F.3d at 232). Left intact and still in harmony with Twombly, is the notion that courts will read complaints to determine if "under any reasonable reading ... the plaintiff may be entitled to relief." Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

"[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" Duran v. Equifirst Corp., Civil. No. 09-03856, 2010 WL 918444, at *2 (D.N.J. Mar. 12, 2010) (quoting Twombly, 550 U.S. at 570.) In essence, the facts alleged must be sufficient

to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). See Fowler v. UMPC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

## B. ANALYSIS

### a. Adding Michael McGeehon and David Saunders as Named Defendants

Plaintiff seeks to add McGeehon and Saunders as defendants in his Proposed Amended Complaint. Defendants oppose the Motion in its entirety as unduly delayed to the point of being prejudicial and argue that amending the complaint to add McGeehon and Saunders would be futile. (Opposition at 1). This Court recognizes that Plaintiff is within the time allotted by the scheduling order to file a motion to amend his complaint. Accordingly, the Court need not undertake a "good cause" analysis under FED. R. CIV. P. 16(b)(4). However, in determining whether Plaintiff's failure to amend earlier amounts to undue delay, the Court must consider why Plaintiff did not seek to add McGeehon and Saunders until March 24, 2012, thirteen months after the initiation of this action.

Plaintiff's Proposed Amended Complaint only references Saunders in paragraphs seven (7), seventy (70), seventy-two (72), and seventy-three (73). In paragraphs seventy and seventy-two, Plaintiff states that Saunders was a recipient of two emails. Plaintiff alleges that the emails were sent to provide Saunders with advance notice of Defendant's intention to terminate Plaintiff. (Amend. Compl. at ¶ 70). In paragraph seventy-three, Plaintiff further alleges that after communications between the named and proposed defendants, the plan to terminate Plaintiff was put into effect. From the allegations in the Proposed Amended Complaint, the Court cannot address Plaintiff's reasons for not amending sooner. Furthermore, Plaintiff's

Motion is similarly silent.  Therefore, Plaintiff must elaborate, in his moving papers, on why Saunders could not have been added earlier in this action.

More troubling than the Saunders amendment is the timeliness of the McGeehon amendment.  Plaintiff's Proposed Amended Complaint references McGeehon in twenty-nine (29) paragraphs.  Most notably, allegations in Plaintiff's Proposed Amended Complaint state that McGeehon took part in Plaintiff's termination. (Amend. Compl. at ¶¶ 86-89).  Specifically, paragraph eighty-nine (89) states that McGeehon was on the phone during Plaintiff's February 5, 2009 in-person meeting with Robertson wherein McGeehon informed Plaintiff that he was aware of Plaintiff's relationship with a court employee.  (Amend. Compl. at ¶ 89).  McGeehon allegedly reiterated the demands laid out earlier in the meeting by Robertson.  (Id.).  These allegations illustrate Plaintiff's knowledge, dating back to February 5, 2009, of McGeehon's involvement in Plaintiff's termination.  In fact, the theory Plaintiff pursues against Defendant Robertson in his original complaint is nearly identical to the theory that Plaintiff's Proposed Amended Complaint now seeks to assert against McGeehon.  Little is provided to the Court in order to address why Plaintiff did not name McGeehon in the original complaint.  Moreover, the Court cannot decipher, from Plaintiff's Motion or the Proposed Amended Complaint, why Plaintiff did not seek to amend sooner.  Therefore, as with the Saunders amendment, Plaintiff must elaborate, in his moving papers, on why McGeehon could not have been added earlier in this action, if not from its origination.

As to the issue of prejudice, the Court must consider whether granting the Motion to add Saunders and McGeehon as defendants would require Defendants to expend significant additional resources to conduct discovery and prepare for trial.  Defendant's Opposition brief notes that permitting Plaintiff to amend his complaint would prejudice Defendants by requiring

them to respond to even more discovery.  This Court recognizes that Plaintiff has propounded significant discovery demands, several of which are the subject of pending discovery related motions before this Court.  Noting this Circuit's desire to permit broad discovery, the Court has previously permitted Plaintiff to issue several interrogatories, document demands, and requests for admissions.  Since the majority of these discovery demands are the subject of discovery disputes pending before this Court, it cannot address the full extent of the prejudice to the Defendants.  To the extent the Court permits Plaintiff to add Saunders and McGeehon as defendants, it will limit discovery demands propounded on the newly added defendants. Specifically, as is custom in this district, Plaintiff will be required to use the already produced discovery, and any further production ordered by the Court after disposition of the previously mentioned motions, to craft discovery demands that are unique to any added defendant.

That being said, the Court recognizes that denial of the motion to amend is rare even where Plaintiff should have added the proposed defendants earlier.  See Luppino v. Mercedes-Benz USA, LLC, Civil. No. 09-5582, 2012 WL 850743, at *4 (D.N.J. Mar. 8, 2012) (Granting motion to amend even though Plaintiff could have named defendants months earlier because Defendants could not show they would have to expend additional resources as a result).   To the extent the amendment is permitted, Plaintiff will be required to tailor his new discovery demands appropriately.

At this time, and for the reasons stated above, the Court cannot determine whether Plaintiff's delay in seeking to add Saunders and McGeehon amounted to undue delay, however, in the interest of efficiency, the Court will address the merits of Plaintiff's Proposed Amended Complaint.  Defendants argue that Plaintiff's Proposed Amended Complaint is futile pursuant to Foman.  In order to survive a futility analysis, the facts alleged in the Proposed Amended

Complaint must be sufficient to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Denial of the Motion is only appropriate where Plaintiff has failed to plead enough facts to state a claim to relief that is plausible on its face. Duran, 2010 WL 918444 at * 2. Here, Plaintiff seeks to assert all four (4) counts against both McGeehon and Saunders in their individual capacity. As addressed thoroughly below, the fourth count of Plaintiff's Proposed Amended Complaint, regarding breach of contract is insufficiently pled and cannot, at this time, be asserted against McGeehon or Saunders. The Court now turns to the remainder of the claims Plaintiff Proposed Amended Complaint asserts against Saunders and McGeehon.

In order to properly assert an NJ LAD claim against an individual, Plaintiff must provide a potential basis for "employee liability" pursuant to N.J.S.A. 10:5-12(e). That is to say, Plaintiff must allege sufficient facts to conclude that Saunders and McGeehon provided substantial assistance or encouragement of the employer's conduct alleged to be in violation of the NJ LAD.

As to Saunders, Plaintiff has indicated that Saunders was the recipient of emails that informed him of Defendant's intent to terminate Plaintiff. (Amend. Compl. at ¶¶ 70,72). Plaintiff's Proposed Amended Complaint is devoid of sufficient facts to illustrate Saunders' participation or connection to the instant suit. As presently articulated, the factual allegations are undeveloped and do not provide Defendants with the type of notice contemplated by FED R. CIV. P. 8(a). See Umland, 572 F.3d at 64. Plaintiff has failed to allege any facts from which this Court can construe potential liability on the part of Saunders. Saunders has not been implicated in any way other than being notified of Plaintiff's pending termination. Plaintiff has failed to plead a claim for potential relief against Saunders under NJ LAD or any other count in Plaintiff's

Proposed Amended Complaint. Thus, Plaintiff's claims against Saunders in his individual capacity are futile as currently pled.

As to McGeehon, Plaintiff has alleged several facts that, taken as true, indicate McGeehon played a significant role in Plaintiff's termination. Specifically, Plaintiff alleges McGeehon had knowledge of his August 14, 2008 and September, 2008 internal complaints regarding alleged discrimination ("Internal Complaint") based on a refusal to approve a congratulatory advertisement for a professional accolade awarded to Plaintiff. (Amend. Compl. at ¶¶ 37, 44). Plaintiff further alleges that McGeehon and the named Defendants participated in a plot to retaliate against Plaintiff for his Internal Complaint by using the judicial complaint as a pretext to terminate Plaintiff. (Id. at ¶¶ 68-69). Taking these allegations, among other allegations in the Proposed Amended Complaint, as true, Plaintiff's claims against McGeehon in his individual capacity would likely not be futile.

### b. Breach of Contract Claim

Plaintiff's Proposed Amended Complaint seeks to add a breach of contract claim against all Defendants, named and proposed. Defendants argue that Plaintiff's proposed implied-in-fact contract claim is futile pursuant to New Jersey state law. The NJ LAD protects employees against workplace discrimination on the basis of, *inter alia*, race, age, gender, and national origin. Courts in this district, in accord with New Jersey state courts, have adopted the view that common law contract claims are preempted when a statutory remedy is available under NJ LAD. See Kairawala v. GE Aviation, Civil No. 09-0398, 2009 WL 1973509, at *2 (D.N.J July 7, 2009) (courts in this State have routinely held that supplementary common law causes of action are barred when a statutory remedy under NJLAD exists). See, e.g., Catalane v. Gilian Instrument Corp., 271 N.J.Super. 476, 492, 638 A.2d 1341 (App.Div.1994).

An exception exists for common law claims that would "vindicate particular interests in addition to or aside from those sought to be protected by a NJ LAD action." Id. (quoting Shaner v. Horizon Bancorp., 116 N.J. 433, 454 (1989)).   In Kairawala, Plaintiff's breach of contract claim, based on an implied employment contract, was preempted by his NJ LAD claim.   Here, Plaintiff asserts that Defendants breached an implied-in-fact contract by ignoring written policies which applied to Plaintiff.   Without more detailed factual assertions by Plaintiff, it seems as though his claim is preempted by his NJ LAD allegations.   As such, this claim is futile as defined by Foman.   While, as currently pled, Plaintiff's Proposed Amended Complaint is deficient, this Court recognizes the generosity of this Circuit in permitting amendments and extends Plaintiff one final opportunity to properly plead his proposed breach of contract claim.   Plaintiff must indicate what particular and unique interest he purports to assert under an implied-in-fact contract that is entirely independent from the interests protected by the NJ LAD in any subsequent effort to amend the compliant.

### c.   Adding Factual Allegations

Plaintiff's Proposed Amended Complaint includes over eighty (80) factual allegations absent or altered from his original pleading.   Defendants argue that the amended factual allegations are redundant and subject to a motion to strike under FED R. CIV. P. 12(f).   Based on the Court's above rulings, it is premature to address if the addition of new factual allegations are appropriate.   However, at this time, the Court has denied Plaintiff's Motion to the extent it asserts an implied-in-fact contract claim.   If Plaintiff cannot remedy his pleading as to that claim, any factual allegations that support such a contract claim are improper and should be excluded.

**III. CONCLUSION**

       For the aforementioned reasons, this Court denies Plaintiff's Motion, without prejudice. As to adding Saunders and McGeehon as defendants, the Court requires that the Plaintiff provide a reason for his delay in seeking the amendment.  Further, Plaintiff must fully develop his factual allegations against Saunders as directed above.  To the extent Plaintiff seeks to assert a breach of contract claim, Plaintiff must properly plead his claim in the manner previously noted.  The Court reserves ruling on the amendment of factual allegations.  Plaintiff must indicate by numerical reference, in his next set of moving papers, which claims his proposed factual allegations support.  Plaintiff is to file an appropriate motion to amend within fourteen (14) days of entry of this Opinion and accompanying Order.


                           s/Cathy L. Waldor       

                           **Cathy L. Waldor, U.S.M.J.**